# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOANN RIDDLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION |
| | * | FILE NO.: 21A01024 |
| WAL-MART STORES EAST, LP, | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW** the JOANN RIDDLE, in the above-styled action, by and through her attorney of record, and files this Complaint for Damages against Defendants, WAL-MART STORES EAST, LP, and shows the Court as follows:

## PARTIES

### 1.

Joann Riddle, (called "Plaintiff Riddle") is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

### 2.

WAL-MART STORES EAST, LP (called "Defendant Wal-Mart Stores East"), is a foreign corporation existing under the laws of Delaware with its principal place of business at 708 SW 8th Street, Bentonville, Arkansas 72716 and may be

1

served through its registered agent **CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.**

## JURISDICTION and VENUE

### 3.

This Court has subject matter jurisdiction over the issues of this case.

### 4.

This Court has proper jurisdiction over the named Defendants.

### 5.

Venue for this action is proper in this State Court of Dekalb County.

## FACTS

### 6.

On March 2, 2019, Plaintiff, Joann Riddle was an "invitee" at Wal-Mart Superstore Center located at 2525 North Decatur Road, Decatur, Dekalb County, Georgia 30033. Pursuant to O.C.G.A. § 51-3-1, *Under Georgia law, these people are known as "invitees", premises owner owe an "invitee" a duty of "ordinary care to keep the premises and approaches safe."*

### 7.

On this same day, Plaintiff was standing in the checkout line and as she approached the cash register, <u>she slipped and fell on a greasy area near the cash register</u>.

2

**8.**

Plaintiff was unaware of the spill prior to falling.

**9.**

Defendant had numerous employees in the area when the injury occurred. **The scene was videotaped**.

**10.**

The Defendant had exclusive ownership, possession, and control over the entire store at all times relevant to this litigation.

**11.**

As a result of Defendant's negligence, Plaintiff Riddle suffered immediate pain and serious injuries.

## <u>COUNT ONE</u>
## <u>PREMISES LIABILITY</u>

**12.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 11 above as if fully restated.

**13.**

Wal-Mart Super Center's liability has been established in the subject incident pursuant to O.C.G.A.§51-3-1 which states:

*"Where an owner or occupier of land, by express or implied invitation, includes or leads others to come upon his premises for any lawful purposes, he is*

3

*liable in damages to such persons for injuries caused by his failure to exercise*
*ordinary care in keeping the premises and approaches safe."*

**14.**

Plaintiff was an invitee of the Wal-Mart Super Center Store #3118, located at
2525 North Decatur Road, Decatur, Dekalb County, Georgia 30033.

**15.**

Therefore, pursuant to O.C.G.A.§ 51-3-1, Wal-Mart Super Center #3118
owed the invitee a duty to exercise reasonable care in keeping the premises and
approaches safe.

**16.**

Wal-Mart Super Center breached this duty in the following ways:

a. In failing to clean/remove any liquid substance from the floors that may
   cause harm to its invitees.

b. In failing to warn invitees of the known potential hazard conditions on the
   floor.

c. In failing to place hazardous cones in a visible location as to warn invitees
   of possible dangerous areas; and

d. Wal-Mart had prior knowledge of the greasy floor caused by the rotisserie
   chicken kiosk near the cash register.

**17.**

At all times, Plaintiff was exercising reasonable care and caution for her own safety.

**18.**

Had Defendants, through its agents and employees, been exercising reasonable care, the floor near the cash register would have been clean and invitees such as the Plaintiff could have avoided the incident that occurred on March 2, 2019.

**19.**

In failing to do so, the business breached its duty to Plaintiff, an invitee, and consequently caused her injuries.

## COUNT TWO
## DAMAGES

**20.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

**21.**

As a result of Defendants' negligence, Plaintiff Riddle suffered serious injuries. Immediately following the incident, Plaintiff Riddle presented to <u>Dekalb Medical Center (Decatur, Georgia)</u> with the **chief complaints of left wrist pain, left hip pain, low back pain, and neck pain that radiated down the left side of her back**.

**22.**

On March 6, 2019, Plaintiff Riddle presented to <u>Laursen Chiropractic in</u> <u>Decatur, Georgia</u> with **chief complaints of low back pain, left hand pain, and headaches**. Plaintiff stated her pain level in these areas as 10/10 with her back pain radiating into the left hip and both legs and her headaches as occurring with **intermittent dizziness.**

**23.**

In 2009, Plaintiff Riddle had a back injury while working for the Homeland Security but has since healed. This incident of March 2, 2019 caused new injuries an *aggravation of that serious back injury.*

**24.**

Dr. Gorm Laursen examined Plaintiff Riddle and concluded the following diagnoses:

| | |
|---|---|
| **S69.80XA** | **Injury to the Wrist** |
| **M51.9** | **Lumbar I.V.D. without Myelopathy** |
| **M50.20** | **Cervical I.V.D. without Myelopathy** |
| **S23.3XXA** | **Thoracic Sprain/Strain** |
| **S23.420A** | **Sternoclavicular Sprain/Strain** |
| **S23.41XA** | **Ribs Sprain/Strain** |
| **S33.6XXA** | **Sacroiliac Sprain/Strain** |
| **R42** | **Dizziness** |
| **M62.838** | **Muscle Spasm** |

Plaintiff Riddle's complaint of headaches could be the result of a post-traumatic brain injury. The impact of the fall triggered a severe jolt, causing the

brain to slide back and forth forcefully against the inner walls of the skull. The effects of this trauma could result in loss of memory and concentration, loss of coordination, changes in disposition, sensitivity to light, slurred speech, and additional physical and cognitive impairments.

**25.**

Because of the persistent excruciating pain in Plaintiff Riddle's neck, left wrist, and low back, she presented to Barbour Orthopedics (Atlanta, Georgia) on March 26, 2019. After Dr. Scott Barbour's examination (previously listed diagnoses were confirmed), the following additional diagnoses were established:

| | |
|---|---|
| M256.532 | Pain in Left Wrist |
| M54.2 | Cervicalgia |
| M54.5 | Lumbago |
| S134XXA | Sprain of Ligaments of Cervical Spine |
| S33.5XXA | Sprain of Ligaments of Lumbar Spine |
| S63.512A | Sprain of Carpal Joint of Left Wrist |

Dr. Barbour stated, "based on the patient's subjective history, physical exam, and evaluation of available diagnostic tests, it is my opinion that [Ms. Riddle's] injuries are directly attributable to the slip and fall that occurred on March 2, 2019." Dr. Barbour ordered MRIs of the cervical spine, lumbar spine, and left wrist to fully evaluate the extent of Plaintiff Riddle's injuries.

**26.**

On April 4, 2019, Plaintiff Riddle underwent the recommended MRIs.  Her MRI of the cervical spine revealed the following:

1. **Central 2mm disc protrusion at C4/5**

2. **Broad-based 2mm disc protrusion at C5/6 with severe neural foraminal stenosis**

3. **Moderate left-greater than right neural foraminal narrowing at C6/7; and**

4. **Straightening of the cervical lordosis**

Plaintiff Riddle's lumber MRI revealed the following:

1. **3mm concentric bilobed protrusion and facet hypertrophy at L4/5 with central canal and foraminal stenosis, with stenosis increased during weightbearing; and**

2. **2mm bilobed protrusion at L2/3 and 1mm central disc protrusion at L1/2**

Plaintiff Riddle's left wrist MRI results revealed the following:

1. **Dorsal contusion and micro fracturing of distal dorsal radial diametaphysis**

2. **Dorsal capsulitis and soft tissue contusion and sprain; and**

3. **Marked remodeling of the 1st carpo-metacarpal joint with radial subluxation of the first metacarpal.**

*Dr. Barbour recommended a corticosteroid injection to her left thumb, which she underwent that same day.*

As a result of Defendants' negligence, Plaintiff Riddle has incurred the following expenses:

| | |
|---|---|
| Dekalb Medical Center | $ 2,609.27 |
| CEP America | $   656.00 |
| Radiology Associates of Dekalb | $   110.00 |
| Laursen Chiropractic | $ 6,240.00 |
| Barbour Orthopedics | $11,595.82 |
| **SPECIAL DAMAGES:** | **$21,211.09** |

| | |
|---|---|
| 24% Permanent Impairment Rating | $24,000.00 |
| Pain and Suffering: Past, Present and Future | $25,000.00 |
| **COMPENSATORY DAMAGES** | **$49,000.00** |

| | |
|---|---|
| **TOTAL DAMAGES:** | **$70,211.09** |

## COUNT THREE
## PUNITIVE DAMAGES

### 27.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 26 above as if fully restated.

### 28.

Defendant demonstrated a conscious indifference to the consequences of its actions when it continually failed to warn invitees of slippery areas near the check-

out cash register. Defendants demonstrated un unwillingness to keep the premises safe for invitees in its unsafe store.

**29.**

Defendant showed willfulness, extreme recklessness, total disregard, and a conscious indifference to the safety and wellbeing of others, including but not limited to, the Plaintiff.

**30.**

Defendant's behavior was so egregious that it constituted reckless conduct and a want of care for the consequences of its actions. Defendant is therefore liable for an award of punitive damages.

## COUNT FOUR
## NEGLIGENT TRAINING and/or SUPERVISION

**31.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

**32.**

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, maintenance were performed on the slippery areas and in failing to train its employees concerning safety procedures for slippery areas through-out its stores.

**33.**

Defendant was negligent in training and supervising its staff to properly maintain clean and hazard free-floors through-out its stores, including Store #3118, located at 2525 North Decatur Road, Decatur, Georgia.

**34.**

As a result of Defendant's negligence in training and supervising its employees, Plaintiff was permanently injured on the subject premises.

**WHEREFORE**, plaintiff prays that she have a trial on all issues and judgment against defendant as follows:

a. That Plaintiff recovers special damages, including, but not limited to, the full value of past and future medical expenses in an amount to be proven at trial;

b. That Plaintiff recovers for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

c. That Plaintiff recovers punitive or exemplary damages against Defendant for its conscious indifference to the consequences of its actions;

d. That Plaintiff recovers such other and further relief as is just and proper; and

e. That all issues be tried before a jury.

This 26th day of February 2021.

**WILLIAMS & ASSOCIATES
LAW FIRM, P. C.**

*/s/ Rita Tucker Williams*
Rita T. Williams
State Bar No. 763978
Ledia L. Regis
State Bar No. 750281
***Attorneys for Plaintiff***

220 Church Street
Decatur, GA  30030
(404) 370-3783
*E: rtwilliams@williamsandassoc.com*
*E: lregis@williamsandassoc.com*

STATE COURT OF
DEKALB COUNTY, GA.
2/26/2021 4:09 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

JOANN RIDDLE,                                      Civil Action File No.
                                                   21A01024
             Plaintiff,

v.

WAL-MART STORES, EAST, LP,

             Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this

Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief

can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

Page -1-

FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

SIXTH DEFENSE

Plaintiffs claim for punitive damages is barred as a matter of law.

SEVENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law. (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether

Page -2-

to impose punitive damages and, if so, the amount thereof.  These defects in the statutes, _inter alia_, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

<u>EIGHTH DEFENSE</u>

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes _inter alia_, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the

evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases; and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

### NINTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine. (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

### TENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct

of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.  See <u>BMW of North America, Inc. v. Gore</u>, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); <u>BMW of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996); and <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

<u>ELEVENTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.  Jurisdiction is now proper in the United States District Court, Northern District of Georgia Atlanta Division.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.  Jurisdiction is now proper in the United States District Court, Northern District of Georgia Atlanta Division.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.  Venue is now proper in the United States District Court, Northern District of Georgia Atlanta Division.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint, as the applicable case law has been omitted.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's

Complaint, as stated.

10.

Defendant admits only that it operated the subject store.  Defendant denies

the remaining allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's

Complaint.

12.

Defendant re-alleges and incorporates herein the answers contained in

paragraphs 1 through 11 above as if fully restated.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's

Complaint.

14.

Defendant lacks sufficient knowledge and information to either admit or deny

the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's

Complaint, as stated.  The applicable case law has been omitted.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint, including subparagraphs a., b., c., and d., thereof.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint, as stated.

19.

Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendant re-alleges and incorporates herein the answers contained in paragraphs 1 through 19 above as if fully restated.

21.

Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendant denies the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendant re-alleges and incorporates herein the answers contained in paragraphs 1 through 26 above as if fully restated.

28.

Defendant denies the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendant denies the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendant re-alleges and incorporates herein the answers contained in paragraphs 1 through 30 above as if fully restated.

32.

Defendant denies the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

Defendant denies the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendant denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

36.

Defendant denies Plaintiff's prayer for relief, including subparagraphs a., b., c., d., and e., thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the  12th  day of March, 2021.


McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com